**FILED**

JUL 7 1999

LARRY W. PROPES, CLERK
CHARLESTON, SC

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| Petitioner, ) | C.A. # 2:99-MC-72-11 |
| v. ) | |
| HAROLD W. JONES, ) | |
| Respondent. ) | |
| ) | |

This is a miscellaneous case initiated by the government through the filing of a Petition to Enforce Internal Revenue Summons. The Petition to Enforce resulted in an Order to Show Cause filed April 26, 1999. After the entry of the Order to Show Cause, this matter came before the court on William Carraway's Motion to Intervene filed May 18, 1999. A hearing in the matter was held June 28, 1999.

At the hearing, the parties agreed that Carraway be allowed to intervene pursuant to 26 U.S.C. § 7609(b). The parties also argued Carraway's claims that certain materials and information possessed by third party record keeper CPA Harold Jones were subject to an attorney client privilege. Based upon testimony received and a review of the identified documents, this court ruled on the record that the documents in which Carraway claimed privilege were in fact privileged. This court additionally ruled that because Jones was hired by Carraway's attorney to assist Carraway's attorney in Carraway's "tax controversy," that Jones was 'covered' by the attorney client privilege.

The only issue not resolved at the hearing was Intervener Carraway's request to have his attorney present at any questioning of Jones. This court finds that Carraway has no right to have his attorney present at such questioning.

The United States Court of Appeals for the Fourth Circuit in United States v. Daffin, 653 F.2d 121 (4th Cir. 1981) held that a taxpayer was not entitled to be present and cross examine witnesses on enforcement of IRS summons. Additionally, in a similar case, the Eastern District of Virginia held as follows:



ENTERED
7-7-99
SCANNED

> The taxpayer in 26 U.S.C. § 7609 is afforded the opportunity to challenge the validity of a summons issued to a third party record keeper requiring him to produce records pertaining to the taxpayer. Section 7609 gives the taxpayer a right to so challenge the validity of the summons by allowing the taxpayer to intervene in the hearing brought by the Government to enforce the summons. Section 7609(b)(1) only conveys party status on the taxpayer... in the summons enforcement hearing.... The Administrative Procedure Act, 5 U.S.C. § 555, does not grant the taxpayer the right to be present at the questioning of the third- party record keeper.
>
> A person compelled to appear in person before an agency or representative thereof is entitled to be accompanied, represented. and advised by counsel or. if permitted by the agency, by other qualified representative. A party is entitled to appear in person or by or with counsel or other duly qualified representative in an agency proceeding. 5 U.S.C. § 555(b).
>
> The taxpayer, who is not the party summonsed before the agency and has no right to be present at the special agent's interview with [the third party record keeper] .... She is not a "party" to the interview, and therefore has no right under either 26 U.S.C. §7609 or 5 U.S.C. §555 to have her counsel present. Moreover, 5 U.S.C. §551 defines "agency proceeding" as one in seeking an adjudication. The questioning of [the third party record keeper] ... pursuant to the summons is simply a fact finding, non-adjudicative investigation.

United States v. Taylor, 43 A.F.T.R.2d 79-790, 79-1 USTC P 9231, 1979 WL 1298, *1-*2

(E.D.Va. 1979).

This court finds, for the reasons described by the Virginia court, that counsel for Mr. Carraway is not entitled to be present at the interrogation of the third party witness Mr. Harold Jones.

AND IT IS SO ORDERED.

FALCON B. HAWKINS
United States District Judge

July ___, 1999
Charleston, South Carolina